## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.H.F and Y.P.F., | CASE NO. 3:23-cv-03526-MAS-DEA |
| Plaintiffs, | CIVIL ACTION |
| v. | |
| E.F.F. | DECLARATION OF |
| Defendant. | DANIEL S. SWEETSER[ |

Daniel S. Sweetser, of full age, hereby declares:

1.      I am a partner in the law firm of Szaferman, Lakind, Blumstein & Blader, P.C., counsel to Plaintiffs in this matter.

2.      This Declaration is submitted on behalf of Plaintiffs in support of their Motion to Seal this case.

3.      By way of background, Defendant is Plaintiffs' 41 year old son. In November 2021, he filed a *pro se* lawsuit against his parents in New Jersey State Court (the "Underlying Lawsuit").

4.      The Underlying Lawsuit is sealed. ***Ex A.***

5.      On April 8, 2022, the Underlying Lawsuit was settled pursuant to a seven page Settlement Agreement.

6.      On January 23, 2023, Plaintiffs filed a complaint in New Jersey State Court seeking to enforce a term of the Settlement Agreement that requires Defendant

#6770609v1

to obtain medical and dental insurance <u>of his choice to be paid for by his Plaintiff parents</u>.  (the "State Court Lawsuit") For inexplicably reason, Defendant refused to do so.

7.    After Plaintiffs filed the State Court Lawsuit against Defendant, he moved to vacate the Order to Seal the Underlying Lawsuit. Plaintiffs opposed Defendant's motion given the nature of outrageous allegations he made against his parents in that action, which they vigorously deny. The State Court denied Defendant's motion and ordered the Underlying Lawsuit to remain sealed. ***Ex B***.

8.    Defendant represented himself pro se in the State Court Lawsuit.

9.    From the filing of the State Court Lawsuit on January 23rd until June 29th, Defendant filed 12 motions, including motions to dismiss and a motion for summary judgment, which were denied, and motions to recuse the State Court Judge –the Honorable Christopher Rafano after he lost those motions.

10.    Given that Defendant's myriad of motions in the State Court Lawsuit largely raised matters that are sealed in the Underlying Lawsuit, a substantial portion of the State Court Lawsuit record is also sealed.  ***Ex C.***

11.    The Order denying Defendant's Motion to Vacate the Order to Seal the Underlying Lawsuit, ***Ex B,*** and the Order sealing substantial portions of the State Court Lawsuit, ***Ex C***, have the Court's "Statement of Reasons" explaining Judge Rafano's decisions. The Statements are not attached to my Declaration because they

2

contain sealed information. The Statements of Reasons will be provided to Chambers if requested.

12.    When Defendant moved for summary judgment in the State Court Lawsuit, Plaintiffs filed a cross-motion for judgment seeking to compel Defendant's compliance with the medical and dental insurance requirement in the Settlement Agreement.

13.    On May 5, 2023, the State Court granted Plaintiffs' cross-motion for summary judgment. ***Ex. D.*** For the same reason that I do not attach the Statement of Reasons explaining Judge Rafano's rulings on the motions to seal, I do not attach the Statement explaining the State Court's summary judgment decision. That Statement will be provided to Chambers if requested.

15.    As previously done by Defendant when he lost his motions to dismiss, after losing the motions for summary judgment, on May 17th, he filed another motion for reconsideration and another motion to recuse Judge Rafano.

16.    Oral argument of Defendant's second set of motions for reconsideration and to recuse Judge Rafano was scheduled for June 30th.

17.    On June 29th, 11 hours before oral argument, Defendant filed a Notice of Removal transferring the State Court Lawsuit to this Court.

18.    Plaintiffs filed a Motion to Remand which is returnable on August 7, 2023. That motion raises numerous reasons that Defendant's Notice of Removal is

patently improper including the Forum Selection Clause in the Settlement Agreement requiring this matter to be adjudicated in the State Court, the untimeliness of Defendant's Notice and other reasons.

19.     Given the State Court Orders sealing the Underlying Lawsuit and the State Court Lawsuit, the action in this Court should be sealed as well.

20.     Defendant's filings in this Court to date contain sealed information and it reasonable to expect that his future filings will similarly include sealed information.

21.     For all of these reasons, Plaintiffs urge the Court seal this action in its entirety in recognition of the State Court Orders to Seal and to preclude Defendant from avoiding the purpose and effect of those orders as a result of his wrongful removal to this Court.

22.     For these reasons, there is good cause to seal this matter in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements made by me are true and correct.

By:     /s/ *Daniel S. Sweetser*____
Daniel S. Sweetser
SZAFERMAN, LAKIND,
 BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Rd. Ste. 200
Lawrenceville, N.J. 08648
Tel. (609) 275-0400; Fax. (609) 275-4511
dsweetser@szaferman.com

Dated:  July 24, 2023

4

# EXHIBIT A



**PREPARED BY THE COURT**

| | | |
|---|---|---|
| | : | **SUPERIOR COURT OF NEW JERSEY.** |
| **E.F.F** | : | **MERCER COUNTY** |
| | : | **LAW DIVISION, CIVIL PART** |
| Plaintiff, | : | **Docket No. MER-L-2606-21** |
| | : | |
| V. | : | |
| | : | **ORDER** |
| **E.H.F.; Y.P.F.** | : | |
| Defendants, | : | |

---

**This matter** having been opened to the Court by E.F.F, Plaintiff, representing themselves *Pro Se* to seal the complaint filed in this matter on November 30, 2021, and the papers having been submitted and duly considered, and good cause having been shown;

**IT IS ON THIS** 23rd day of February 2022;

ORDERED that Plaintiff's Motion to Seal is hereby granted; and

IT IS FURTHER ORDERED that this matter is now seal in its entirety.

/s/Douglas H. Hurd
_____
Douglas H. Hurd, P.J. Civ.

# EXHIBIT B

FILED

**March 3, 2023**

**Hon. Christopher D. Rafano, J.S.C**.

THE HONORABLE CHRISTOPHER D. RAFANO, J.S.C.
SUPERIOR COURT OF NEW JERSEY, CIVIL PART
MIDDLESEX COUNTY COURTHOUSE
56 PATERSON STREET, NEW BRUNSWICK, NJ 08901

|  |  |  |
|---|---|---|
| | : | SUPERIOR COURT OF NEW JERSEY |
| E.F.F., | : | LAW DIVISION – MIDDLESEX |
| | : | COUNTY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. **MID L 001250-22** |
| | : | |
| E.H.F & Y.P.F, | : | **ORDER** |
| | : | |
| Defendant | : | |
| | : | |
| | : | |
| | : | |

   **WHEREAS**, Defendant, by, through himself, upon notice to all interested parties, have moved before this Court for an order for an order to unseal docket MID-L-1250-22, and the Court having reviewed the moving papers and for the reasons set forth on the record, oral argument, and herein and for good cause shown;

   **IT IS** on this 3rd day of March 2023;

   **ORDERED** that Defendant's motion to unseal docket MID-L-1250-22 is **DENIED** in its entirety; and it is further

   **ORDERED** that all filings in this proceeding under the MID-L-1250-22 are to be sealed; and it is further

   **ORDERED** that service of this Order shall be deemed effectuated upon all counsel of record upon its upload to eCourts. Pursuant to Rule 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

            *s/ Christopher D. Rafano*

            Hon. Christopher D. Rafano, J.S.C.

Opposed: X

1

# EXHIBIT C

May 5, 2023

Hon. Christopher D. Rafano, J.S.C.

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.
Daniel S. Sweetser, Esquire (Atty ID 030601991)
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ  08648
*dsweetser@szaferman.com*
(609) 275-0400
(609) 275-4511
*Attorneys for Plaintiffs*

|  |  |
|---|---|
| **E.H.F. AND Y.P.F.**<br><br>                **Plaintiffs,**<br><br>**v.**<br><br>**E.F.F.**<br><br>                **Defendant.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – MIDDLESEX COUNTY**<br><br>**DOCKET NO. MID-L-380-23**<br><br>                <u>**CIVIL ACTION**</u><br><br>                **ORDER** |

      **THIS MATTER** having been brought before the Court by the Plaintiffs by Daniel S. Sweetser, Esq. of the law firm of Szaferman, Lakind, Blumstein, & Blader, P.C., attorneys for Plaintiffs, E.H.F. and Y.P.F. seeking entry of an Order to seal Defendant's Motion for Summary Judgment filed on March 14, 2023 and all subsequent related filings, and the Court having reviewed the moving papers and for the reasons set forth on the record, oral argument, and herein and for good cause shown;

      **IT IS** on this 5th day of May, 2023,[1]

      **ORDERED** that Plaintiff's Motion to seal Defendant's Motion for Summary Judgment filed on March 14, 2023 is hereby **GRANTED**; it is further

---

[1] This Court adjourned all motions returnable on April 14, 2023 to April 28, 2023 to give the parties additional time to file oppositions and replies. Thereafter, this Court adjourned the motions to May 5, 2023 so that the parties would have ample time to argue their motions at oral argument.

**ORDERED** that all current and future e-filings related to Defendant's Motion for Summary Judgment shall be considered **SEALED** upon filing and/or recording; and, it is further

**ORDERED** that service of this Order shall be deemed effectuated upon all counsel of record upon its upload to eCourts. Pursuant to Rule 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

_s/ Christopher D. Rafano_

Hon. Christopher D. Rafano, J.S.C.

Opposed: X

Unopposed:

# EXHIBIT D

**May 8, 2023**

**Hon. Christopher D. Rafano, J.S.C.**

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.
Daniel S. Sweetser, Esquire (Atty ID 030601991)
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ  08648
*dsweetser@szaferman.com*
(609) 275-0400
(609) 275-4511
*Attorneys for Plaintiffs*

| | |
|---|---|
| **E.H.F. AND Y.P.F.**<br><br>          **Plaintiffs,**<br><br>**v.**<br><br>**E.F.F.**<br><br>          **Defendant.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – MIDDLESEX COUNTY**<br><br>**DOCKET NO. MID-L-380-23**<br><br>         **CIVIL ACTION**<br><br>         **ORDER** |

      **THIS MATTER** having been brought before the Court via Cross Motion for Summary Judgment by Daniel S. Sweetser, Esquire of the law firm of Szaferman, Lakind, Blumstein & Blader, P.C., attorneys for Plaintiffs E.H.F and Y.P.F. seeking entry of an Order for Summary Judgment, and the Court having reviewed the moving papers, opposition, oral argument, and for the reasons set forth on the record and herein and for good cause shown;

      **IT IS** on this 8th day of May, 2023,[1]

      **ORDERED** that Plaintiffs, E.H.F. and Y.P.F.'s Cross Motion for Summary Judgment is hereby **GRANTED**; and it is further

      **ORDERED** that Defendant is to comply with the provisions in the Settlement Agreement and submit and/or cooperate with the obtaining of medical and dental insurance; and it is further

      **ORDERED** that Defendant's failure to do so may result in termination of the agreement, sanctions, and/or reasonable attorneys fees and costs; and it is further

---

[1] [1] This Court adjourned all motions returnable on April 14, 2023 to April 28, 2023 to give the parties additional time to file oppositions and replies. Thereafter, this Court adjourned the motions to May 5, 2023, so that the parties would have ample time to argue their motions at oral argument.

~~A.      Paragraph 15(d) of the Settlement Agreement is held and declared to include the requirement that Defendant procure medical and dental insurance of his choice paid for by Plaintiffs;~~

~~B.      Defendant must take all steps necessary to procure medical and dental insurance of his choice as soon as possible, but in no event is such coverage to take effect after December 31, 2023;~~

~~C.      Until Defendant's medical and dental insurance is in effect,, Plaintiffs' responsibility to pay Defendant's medical and dental expenses pursuant to Paragraph 15(d) of the Settlement Agreement shall be limited to $1,000 per month;~~

~~D.      Defendant will keep Plaintiffs' attorney apprised of the status of his efforts to obtain the required coverage; and~~

~~E.      If Defendant fails to procure medical and dental insurance by December 31, 2023, then Plaintiffs shall have no further obligation to pay any of Defendant's medical and dental expenses pursuant to Paragraph 15(d) of the Settlement Agreement unless and until both coverages take effect; and it is further~~

**ORDERED** that service of this Order shall be deemed effectuated upon all counsel of record upon its upload to eCourts. Pursuant to Rule 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

*s/ Christopher D. Rafano*

Hon. Christopher D. Rafano, J.S.C.

Opposed: X

Unopposed: