UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

E.H.F. and Y.P.F.,

        Plaintiffs,

    v.

E.F.F.,

        Defendant.

Civil Action No. 23-3526 (MAS)(DEA)

**MEMORANDUM ORDER**

THIS MATTER comes before the Court on E.H.F. and Y.P.F.'s ("Plaintiffs") Motion to Seal the Case. ECF No. 18. Defendant opposes the Motion. ECF No. 30. The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the Court **DENIES** Plaintiffs' Motion.

**I. Background and Procedural History**

The Court assumes the parties' familiarity with the underlying dispute. For brevity, the Court notes that this action arises from an alleged breach of a settlement agreement entered into by the parties on April 8, 2022. ECF No. 3-2. On June 29, 2023, the Defendant removed the action to this Court. ECF No. 1. This Court has since issued an Opinion and Order remanding the matter to the Superior Court of New Jersey, Middlesex County, for lack of subject matter jurisdiction. ECF Nos. 46 & 47.

Prior to the Order of remand, the Plaintiffs filed the instant Motion to Seal the Case. ECF No. 18. Plaintiffs argue "[g]iven the State Court Orders sealing the Underlying Lawsuit and the State Court Lawsuit, the action in this Court should be sealed as well." ECF No. 18-1 at 4. Plaintiffs reference the orders issued in state court as exhibits in support of their argument. *Id.* at 1-4.

Defendant opposes this request on several grounds. ECF No. 30. Broadly, Defendant argues that Plaintiffs failed to meet the requirements of Local Civil Rule 5.3, which lays out the contents of such motions. *Id.* at 6-11. Additionally, Defendant argues that Plaintiffs Motion is not made in good faith but rather to "[i]nflict [h]arm & [g]ain [p]rocedural [a]dvantage." *Id.* at 12-19.

## II. Analysis

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. "There is a 'strong presumption' of public access to judicial records, and '[t]he party seeking to seal any part of a judicial record bears the heavy burden' of rebutting that presumption." *Millhouse v. Ebbert*, 674 F. App'x 127, 128 (3d Cir. 2017). Specifically, the party seeking to seal "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotations and citations omitted). "This is especially true when a party seeks to seal the entire case from public view." *Ali v. Davis*, 2021 WL 2376733, at *1 (D.N.J. June 10, 2021).

Plaintiffs fail to meet this burden. Plaintiffs do not explain: the private or public interests implicated with this request, what if any injury would result if the Motion is not granted, why a less restrictive alternative to sealing the docket in its entirety is not available.

## III. Conclusion and Order

For the reasons herein, Plaintiffs' Motion to Seal the Case [ECF No. 18] is **DENIED**.

      IT IS so ORDERED on this <u>9th</u> day of January 2024.

                                                   /s/ Douglas E. Arpert
                                                 **DOUGLAS E. ARPERT**
                                                 **United States Magistrate Judge**

--This Order terminates ECF No. 18.